1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NORMAN DIXON,                              No.  2:13-cv-0966-EFB P

12                   Plaintiff,

13           v.                                  ORDER

14    RON BARNES,

15                   Defendant.

16

17           Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.[1]  In addition to filing a complaint, plaintiff has filed an application to proceed in

19    forma pauperis.

20    **I.     Request to Proceed In Forma Pauperis**

21           Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915,

22    and his application makes the showing required by § 1915(a)(1) and (2).  Accordingly, by

23    separate order, the court directs the agency having custody of plaintiff to collect and forward the

24    appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

25    /////

26    /////

27    ───────────────────────
[1]This proceeding was referred to the assigned magistrate judge by Local Rule 302 pursuant to 28
28    U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal.
      Local Rules, Appx. A, at (k)(4).

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

1    **III.    Screening Order**

2        The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it

3    must be dismissed with leave to amend for failure to state a claim upon which relief may be

4    granted.

5        Plaintiff names the warden as the defendant.  He alleges he was placed in administrative

6    segregation after he refused to sign a "compatibility chrono" to accept a cellmate.  Plaintiff claims

7    that his housing in administrative segregation had "negative consequences," including the loss of

8    personal property and the inability to access the courts.  Plaintiff also claims that the rule

9    requiring him to accept a cellmate is an "underground rule."  An exhibit to plaintiff's complaint,

10   however, shows that he was charged with "obstructing a peace officer/refusing to accept assigned

11   housing" in violation of section 3005(c) of title 15 of the California Code of Regulations.  *See*

12   ECF No. 1 at 16.  Plaintiff does not identify any claims for relief in the complaint, nor does he

13   link any defendant to an alleged violation of his federal rights.  Thus, the allegations in plaintiff's

14   complaint are too vague and conclusory to state a claim for relief.  To proceed, plaintiff must file

15   an amended complaint.

16       To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

17   constitutional or statutory right; and (2) that the violation was committed by a person acting under

18   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

19   930, 934 (9th Cir. 2002).

20       An individual defendant is not liable on a civil rights claim unless the facts establish the

21   defendant's personal involvement in the constitutional deprivation or a causal connection between

22   the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

23   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

24   That is, plaintiff may not sue any official on the theory that the official is liable for the

25   unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

26   (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

27   plead that each Government-official defendant, through the official's own individual actions, has

28   violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

3

1    claim for relief.  *Iqbal*, 129 S. Ct. at 1949*; Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

2    2009).

3         To state a claim for violation of the right to procedural due process, plaintiff must allege

4    facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

5    (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

6    2003).  State regulations may create a liberty interest in avoiding restrictive conditions of

7    confinement if those conditions "present a dramatic departure from the basic conditions of [the

8    inmate's] sentence."  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

9         In the context of a disciplinary proceeding where a liberty interest is at stake, due process

10   requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S.

11   445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary

12   charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

13   call witnesses and present documentary evidence in his defense; and (3) a written statement by

14   the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Id.* at 454

15   (citing *Wolff*, 418 U.S. at 563-67).

16        The Due Process Clause protects prisoners from being deprived of property without due

17   process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected

18   interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The United

19   States Supreme Court has held, however, that "an unauthorized intentional deprivation of

20   property by a state employee does not constitute a violation of the procedural requirements of the

21   Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

22   loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  California provides an adequate

23   postdeprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam)

24   ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under

25   section 1983 if the state has an adequate post deprivation remedy.").

26        Prisoners also have a constitutional right of access to the courts.  *Bounds v. Smith*, 430

27   U.S. 817, 828 (1977).  That includes the right "to litigate claims challenging their sentences or the

28   conditions of their confinement to conclusion without active interference by prison officials."

4

1    *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  An inmate alleging a violation of this

2    right must show that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

3    That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the

4    defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his

5    criminal sentence or conditions of confinement.  *See id.* at 351; *Christopher v. Harbury*, 536 U.S.

6    403, 412-15 (2002).

7         Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

8    cognizable legal theory against a proper defendant and sufficient facts in support of that

9    cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

10   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

11   their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

12   shall clearly set forth the claims and allegations against each defendant.  Any amended complaint

13   must cure the deficiencies identified above and also adhere to the following requirements:

14        Any amended complaint must identify as a defendant only persons who personally

15   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.

16   Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

17   constitutional right if he does an act, participates in another's act or omits to perform an act he is

18   legally required to do that causes the alleged deprivation).   It must also contain a caption

19   including the names of all defendants. Fed. R. Civ. P. 10(a).

20        Any amended complaint must be written or typed so that it so that it is complete in itself

21   without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

22   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

23   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

24   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

25   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

26   1967)).

27   /////

28   /////

5

1    Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

2  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

3  See Local Rule 110.

4  **IV.    Conclusion**

5    Accordingly, the court hereby orders that:

6       1.  Plaintiff's request to proceed in forma pauperis is granted.

7       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

8  accordance with the notice to the Director of the California Department of Corrections and

9  Rehabilitation filed concurrently herewith.

10      3.  The complaint is dismissed with leave to amend within 30 days.  The amended

11  complaint must bear the docket number assigned to this case and be titled "First Amended

12  Complaint."  Failure to comply with this order will result in this action being dismissed for failure

13  to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will

14  proceed with service of process by the United States Marshal.

15  Dated:  October 15, 2013.

16

17                    EDMUND F. BRENNAN
                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28